IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

DANTE A.R. COMBS, individually and )
on behalf of all others similarly situated, )
and ADAM S. WILLIAMS, individually )
and on behalf of all others similarly )
situated, )
                                                      )
                      Plaintiffs, )
                                                      )
vs. )                      Case No. 14-0227-CV-W-ODS
                                                      )
THE CORDISH COMPANIES, INC., )
et al., )
                                                      )
                      Defendants. )

<u>ORDER AND OPINION DENYING DEFENDANTS' MOTION TO STRIKE</u>

Plaintiffs have filed a Motion for Class Certification, which has spawned a subsidiary battleground: Defendants have filed a Motion to Strike in which they ask the Court to strike all of the Exhibits Plaintiffs have proffered in support of their Motion for Class Certification. The Motion to Strike (Doc. # 95) is denied.

<u>I. BACKGROUND</u>

There are seven exhibits attached to the Motion for Class Certification. For various reasons Defendants believe that all of them should be struck in their entirety.
**Exhibit A**    An affidavit from counsel setting forth her background and work on this case. The exhibit is undoubtedly offered to satisfy the requirements of Rule 23(a)(4) and Rule 23(g).
**Exhibit B**    An affidavit from counsel describing the deposition testimony offered by Christina Martinez in an action pending in state court captioned *Cusimano v. Louge KC, LLC, et al.*. Excerpts from Martinez's deposition are included as part of Exhibit B.

***Exhibit C***     A similar combination to Exhibit B, involving the deposition testimony of Victoria Rush.

***Exhibit D***     A similar combination to Exhibit B, involving the deposition testimony of Jim Carr.

***Exhibit E***     An affidavit from Garron Williams prepared for this case.

***Exhibit F***     An affidavit from Glen Cusimano prepared for this case.

***Exhibit G***     An affidavit from counsel describing the affidavit of Tom Alexitch. Alexitch's affidavit is included as part of Exhibit G.

## II.  DISCUSSION

### A.  The Attorneys' Affidavits

Defendants contend all of the declarations from Plaintiffs' attorneys should be struck because they merely summarize out of court statements and thus constitute hearsay.  In a related assertion, they argue the attorney's affidavits should be struck because they really constitute argument and not testimony.

The Court is perplexed by Defendants' decision to raise these arguments.[1]  It is quite customary for an attorney to discuss, characterize, and summarize depositions and other witness statements, and nobody suggests such conduct is impermissible.  Indeed, Defendants' attorneys have also discussed, characterized, and summarized depositions and other witness statements.  Plaintiffs' attorneys have taken the unusual extra step of presenting these characterizations/summaries/arguments under oath, but Defendants cannot seriously believe that the Court will bestow extra credence to counsels' descriptions of the depositions simply because they are under oath.  The Court will – as it is obligated to do – look at the actual depositions to ascertain what they say (assuming, of course, there is a material issue addressed by the depositions) when necessary to resolve disputes involving the depositions' contents.  In other words, the

---

[1] It might be argued that Plaintiffs benefitted because counsel used the affidavits as a subterfuge to present additional argument, and in that way may have been able to skirt the page limits.  Defendants have not presented this argument.

2

Court will not blindly accept what *any* attorney in this case may say about any depositions' contents. With this understanding, there is no need to strike anything.

The preceding discussion does not apply to Exhibit A. Exhibit A represents Plaintiffs' effort to demonstrate their attorney(s) can adequately protect the class as required by Rule 23(a)(4) and should be appointed as Class Counsel in light of the factors set forth in Rule 23(g). The use of affidavits for this purpose is quite common, and the Court discerns no reason to strike or otherwise limit Exhibit A.

### B. Depositions and Rule 32

As noted earlier, the depositions Plaintiffs use as exhibits to support their Motion for Class Certification were taken in another case. Defendants contend Plaintiffs' use of the depositions in this proceeding violates Rule 32. Plaintiffs contend that use of the depositions is consistent with Rule 32(a)(8). The Court holds that Rule 32 does not presently apply to the depositions so there is no need to determine which side's characterization of Rule 32 is correct.

Rule 32 addresses the use of depositions in court proceedings; that is, at a hearing or trial. Rule 32(a)(1). Put more simply, the rule governs when a deposition may be used in lieu of live testimony. E.g., Niver v. Travelers Indem. Co. of Illiniois, 430 F. Supp. 2d 852, 863-66 (N.D. Iowa 2006); 8A Wright, Miller & Marcus, Fed. Prac. & Proc. Civ. § 2142. Plaintiffs have not offered the depositions in lieu of testimony at a hearing or trial; they have offered them in support of a written motion. If and when Plaintiffs offer depositions in lieu of live testimony, the Court will then have an occasion to determine if Rule 32 permits the effort.

Evaluating the Motion for Class Certification will require the Court to conduct a preliminary look into the merits – not necessarily to resolve the merits, but to understand the nature of Plaintiffs' claims and to understand the facts they allege exist. Plaintiffs are ordinarily free to do this with depositions or affidavits even if those depositions or affidavits are not admissible to prove those facts at trial. If the depositions utilized in this case are not admissible at trial, this still would not justify striking them from consideration.

3

### C. 28 U.S.C. § 1746

Defendants final argument is that the declarations do not comply with 28 U.S.C. § 1746 and for that reason must be struck. Section 1746 provides a method by which an unsworn declaration may be utilized as an alternative to an affidavit. It permits an unsworn declaration to substitute for a sworn statement so long as the unsworn declaration includes language indicating that the statement was made under penalty of perjury. Defendants complain that the declarations do not specify that they are made under penalty of perjury.

In analyzing this issue, the Court will not discuss counsels' affidavits. As stated earlier, they are to be construed as essentially presenting argument and not anything factual. The Court will focus on the three declarations from Cusimano, Williams and Alexitch. Having done so, the Court has determined section 1746 is irrelevant . . . *because the declarations are affidavits!* Section 1746 does not purport to describe language that is required to make an affidavit effective; it purports to describe language that is required to make an unsworn declaration (a "non-affidavit") effective. Given that the witnesses' statements are affidavits, there is no need to consider whether they qualify as "alternatives to affidavits" permitted by section 1746.

### III. CONCLUSION

The Motion to Strike is denied.

IT IS SO ORDERED.

DATE: February 3, 2015

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT