IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

DANTE A.R. COMBS, individually and )
on behalf of all others similarly situated, )
and ADAM S. WILLIAMS, individually )
and on behalf of all others similarly )
situated, )
                                                       )
              Plaintiffs, )
                                                        )
vs. )           Case No. 14-0227-CV-W-ODS
                                                         )
THE CORDISH COMPANIES, INC., )
et al., )
                                                         )
            Defendants. )

ORDER AND OPINION GRANTING IN PART AND DENYING IN PART
DEFENDANTS' BILLS OF COSTS

I. INTRODUCTION

After the Court entered judgment in their favor, Defendants have filed separate Bills of Costs pursuant to 28 U.S.C. § 1920. Defendant First Response has filed its own Bill of Costs and the remaining Defendants ("the Cordish Defendants") have filed their own Bill of Costs.

First Response's Bill of Costs seeks $10,089.09 for transcripts pursuant to section 1920(2). The Cordish Defendants seek:

1. $2,145.00 for service of summons and subpoenas pursuant to section 1920(1),
2. $30,925.59 for transcripts pursuant to section 1920(2),
3. $1,309.46 for printing pursuant to section 1920(3), and
4. $478.00 in witness fees, also pursuant to section 1920(3).

Defendants initially provided invoices, and a general assurance that these expenses were "necessary," but nothing more to justify awards in these amounts. As the proponents (and would-be recipients) of an award, it is Defendants' obligation to demonstrate that the expenditures were reasonable and necessary. This obligation is

not only derived from the statute (e.g., section 1920(2)'s provision for "transcripts necessarily obtained for use in the case") but also case law.  E..g, Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006); Zotoz v. Lindbergh School Dist., 121 F.3d 356, 363 (8th Cir. 1997).  There is a strong presumption that costs within section 1920's categories should be awarded, and the Court has discretion in determining the appropriate amounts to be awarded – but it is Defendants' obligation to demonstrate the costs are compensable and this obligation requires some indication as to the costs' necessity.  Fortunately for Defendants, given the Court's familiarity with the case the necessity is apparent and easily evaluated.

Section 1920 sets forth categories of costs that are to be granted to prevailing parties.  These categories represent "rigid controls:" only items within these categories may be taxed.  E.g., Brisco-Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002) (per curiam).  Once a prevailing party demonstrates a cost is compensable under the statute, there is a strong presumption that the full amount is to be awarded; the burden falls on the losing party to demonstrate that the award is inequitable.  Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002).  While the Court has substantial discretion to determine the appropriate amount to be awarded, that discretion cannot be used to compensate for costs that are not included in the statute.  See Brisco-Wade, 297 F.3d at 782-83.  The presumption that Defendants are entitled to a full award of costs relates to the amount to be awarded and has no role in determining *which* costs it is entitled to recover.  Taniguchi v. Kan Pacific Saipan, Ltd., 132 S. Ct. 1997, 2005-06 (2012).

II.  DISCUSSION

A.

Plaintiffs first challenge the Cordish Defendants' request for fees for retaining private process servers, contending section 1920(1) does not permit such an award.  Section 1920(1) permits recovery of "[f]ees of the clerk and marshal."  Fees paid to private process servers are not paid to the Clerk of Court or to the United States

2

Marshal, and thus are not compensable. Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir. 1985). It is true that several other circuits have held that section 1920(1) permits an award of costs associated with retaining private process servers. But, as pointed out by another district court in this circuit, "[u]nfortunately for the defendant, while other courts have permitted the recovery of special process fees, this court is compelled to follow Eighth Circuit precedent regardless of the equities at play in the facts of this case." Bunda v. Potter, 2006 WL 266513, at *4 (N.D. Iowa Jan. 31, 2006). For their part, despite Plaintiffs pointing out the Eighth Circuit's decision, the Cordish Defendants offer no argument that the Court is not bound by Crues, which makes the outcome on this issue fairly predictable.

Even if costs associated with special process servers were compensable, the Court would reduce the amount requested because it is excessive. In particular, the extra charges for "rush" fees do not appear to be necessary, and the Court does not believe it is a cost that should be passed to Plaintiffs. There are some witnesses whose connection to the case are unfamiliar to the Court, but Plaintiff does not raise an issue regarding this issue. Nonetheless, the Court cannot fathom why Defendants needed to serve the Gerry Spence Trial Lawyer's College and would disallow this request in its entirety.[1] Thus, even if the Court were permitted to award this component of costs, the amount awarded would be reduced to at least[2] $1,635.00.

---

[1] Plaintiffs also contest the inclusion of "non-est" fees because they don't know what that term means. "Non-est" is a common term in litigation and refers to the fact that service was not completed because the person could not be found at the address supplied. It may be that service could not be obtained because Plaintiffs supplied outdated or incorrect addresses for the persons in question; the Court does not know. But without an argument from Plaintiff – and given the Court's reliance on Crues to deny this request in its entirety – the Court will not address the issue further.

[2] The Court says "at least" because if the Eighth Circuit should decide to overrule Crues, it may follow those courts that have held costs for private process servers cannot exceed the fee that would be paid to the Marshal for performing that same service. E.g., EEOC v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000); Collins v. Gorman, 96 F.3d 1057, 1060 (7th Cir. 1996).

## B. Transcripts

Plaintiffs present several discrete arguments regarding Defendants' requests for costs associated with transcripts. The Court will address these arguments separately.

### *1. Transcript of Bankruptcy Proceedings*

In their Motion for Summary Judgment, the Cordish Defendants contended Plaintiff Dante Combs was judicially estopped from pursuing this litigation because he failed to disclose his claims as an asset in his 2011 bankruptcy case. Combs then filed a motion in the Bankruptcy Court, seeking leave to reopen his case so he could amend the bankruptcy schedules. The existence of this effort was raised by Plaintiffs in their response to the Motion for Summary Judgment.

The Bankruptcy Court held a hearing on June 5, 2015, and the Cordish Defendants ordered the transcript from that hearing. Meanwhile, on June 15 this Court granted the Motions for Summary Judgment – but the transcript was not produced by the court reporter until June 19. Plaintiffs contend this means the transcript was not necessary. The Court disagrees. A deposition does not have to actually be used to be deemed "necessary." Cf. Zotos v. Lindbergh School Dist., 121 F.3d 356, 363 (8th Cir. 1997). Given that Plaintiffs were relying on the bankruptcy proceedings to address issues presented in this case, it was reasonable for the Cordish Defendants to obtain the transcript for use in this case. The fact that the Court ruled before the transcript could be employed does not diminish this conclusion.

Moreover, the Court notes Plaintiffs themselves have exhorted the Court to consider the transcript, most notably in connection with their post-judgment motions. That being the case, Plaintiffs are not in a good position to contend the Cordish Defendants' acquisition of the transcript was unnecessary. The costs associated with this transcript will be allowed.

4

### *2. Video Depositions*

Plaintiffs contend Defendants request for costs associated with video depositions should be disallowed because they have not been approved by the Court in accordance with Local Rule 30.1(c)(4). Plaintiffs acknowledge the Eighth Circuit has held such costs are compensable under section 1920(2), see Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 898 (8th Cir. 2009), and this acknowledgment goes a long way toward rejecting Plaintiffs' argument. The undersigned has previously addressed a similar argument relying on Local Rule 30.1(c)(4), and rejects Plaintiffs' argument for the same reasons it did previously:

> Notwithstanding the Eighth Circuit's ruling in *Craftsmen Limousine,* [Plaintiffs] argue[ ] an award of any costs for nonstenographic recordings are disallowed by Local Rule 30.1(c)(4). That rule states "[u]nless otherwise ordered by the Court or stipulated by the parties, the expense of non-stenographic recording is to be borne by the party utilizing it and shall not be taxed as costs." The Court holds Local Rule 30.1(c)(4) is not an impediment in this case for several reasons. First, the Local Rule mirrors Rule 30(b)(3)—yet Rule 30(b)(3) was relied upon by *Craftsmen Limousine* to permit an award of costs in this situation. If anything, the Local Rule is more permissive regarding costs. Second, if there is any conflict between the Local Rule and *Craftsmen Limousine,* then the Local Rule must be disregarded. . . . [Finally] this Order satisfies the Local Rule's requirement that costs will not be shifted "[u]nless otherwise ordered by the Court."

Hallmark Cards, Inc. v. Monitor Clipper Partners, LLC, 2013 WL 1155245, at *3 (W.D. Mo. Mar. 20, 2013).

### *3. Video Depositions AND Paper Depositions, and Synchronization*

Plaintiffs contend that even if Defendants are allowed to recover costs for video depositions, they cannot recover costs for both the video deposition *and* a paper copy of the deposition. From this, Plaintiffs further conclude Defendants cannot recover the extra costs associated with obtaining a presentation that synchronizes the video deposition with the written deposition.

5

The undersigned has also addressed this issue relatively recently, and adheres to its views that favor Plaintiffs' position:[3]

> The issue is not addressed in *Craftsmen Limousine* . . . and district courts in the Eighth Circuit have reached opposite conclusions on this issue. *Compare EEOC v. Hibbing Taconite Co.,* 2010 WL 4237318 (D.Minn.2010) ("the express language of 28 U.S.C. § 1920(2) precludes an award of both costs.") *with Avante Int'l Tech. Corp. v. Premier Election Solutions, Inc.,* 2009 WL 3259613 (E.D.Mo.2009) (awarding costs for both the videotaped deposition and the written transcript because *Craftsmen Limousine* relied on decisions from Circuits that permitted both costs to be awarded).
>
> The Court believes the better view is that a prevailing party is entitled to recover the costs for a single reproduction of the deposition, be it a videotape or the stenographic transcript. The Court reaches this decision for several reasons. First, section 1920(2) does not permit recovery for multiple copies of a deposition. Second, section 1920(2) is not a general provision allowing attorneys to recover all expenses associated with either trial preparation or trial presentation. The Supreme Court's recent reminder of this point [in Taniguchi] is instructive. Third, the Court is not persuaded that *Craftsmen Limousine* intended to import all aspects of the law in the Seventh, Tenth and Eleventh Circuits when it endorsed the law of those circuits on this particular point. To the contrary, part of the Eighth Circuit's reasoning rested on Federal Rule of Civil Procedure 30(b)(3)(A), which it described as "authoriz[ing] video depositions *as an alternative to* traditional stenographic depositions. . . ." *Craftsmen Limousine,* 579 F.3d at 897 (emphasis supplied).
>
> \*   \*   \*
>
> The Court's prior ruling leads to the obvious conclusion that synchronization of the written and video depositions is not allowed. The Court would reach this decision even if costs could be awarded for both the video and written transcript, because synchronization of the two is not a fee for the transcript. It is part of a party's plan to present evidence to the jury, and just as the creation of a powerpoint presentation or the enlargement of exhibits are not compensable costs, this item is not recoverable.

---

[3]The Court finds it . . . interesting, that the Cordish Defendants remind the Court of its prior reasoning in Hallmark Cards when doing so supports their desired result, but ignore (and fail to distinguish) that same order when it reaches conclusions contrary to their desired result.

6

Hallmark Cards, 2013 WL 1155245, at *2-3.[4] Accordingly, the Court will allow Defendants the greater cost as between the video deposition and the paper transcript.[5]

### 3. Postage

The invoices submitted by court reporters include the cost of mailing depositions to Defendants. Plaintiffs contend section 1920 does not permit recovery of postage costs. Case law confirms the correctness of this contention. In Smith, the Court of Appeals affirmed an award of costs for certain depositions, but held the plaintiff "should not have been taxed the delivery costs for these depositions. Section 1920 does not authorize taxing [the plaintiff] for the defendants' postage and delivery expenses." 436 F.3d at 889 (citations omitted). The Cordish Defendants do not present any basis for reaching a different conclusion.

### 4. Necessity of Certain Individuals' Deposition Transcripts

Plaintiffs posit that certain transcripts were not necessarily obtained simply because Defendants did not use them in support of their Motions for Summary Judgment. This is not the proper test for necessity. See Zotos, 121 F.3d at 363. Obtaining a copy of a client's (or client representative's) deposition is necessary for defense or prosecution of the suit. Obtaining a copy of depositions of witnesses who are relied upon in the opposing parties' filings is also necessary. The Court's involvement in this case allows it to readily ascertain that certain transcripts were necessarily obtained because of the witness's role in the issues and what the parties have said about them previously. In other instances, Plaintiffs noticed the deposition or expressed an intent to call the witnesses at trial, which augurs in favor of deeming

---

[4]Plaintiffs also argue that the cost for obtaining a videotape of Cail Hendry's deposition was "unnecessary" because he was allegedly a "friendly witness." Plaintiffs' argument is rejected as this is not the test for determining compensability of a deposition transcript.

[5]Interestingly, the charge for the video depositions is often if not always less than the charge for the stenographic deposition.

7

Defendant's acquisition of the deposition "necessary." This accounts for all of the depositions, so the Court concludes they are all compensable.

### 5. *Application of Court's Rulings*

Applying the rulings regarding transcripts to the Cordish Defendants' Bill of Costs results in the following adjustments:

| | |
|---|---|
| Invoice 47409 | Reduced to $2,996.35. |
| Invoice 47434 | Disallowed in its entirety. |
| Invoice 47428 | Reduced to $3,170.55 because of inclusion of shipping costs. |
| Invoice 47501 | Disallowed in its entirety. |
| Invoice C2571 | Full amount of $338.75 allowed. |
| Invoice 48377 | Reduced to $532.50 because of inclusion of shipping costs. |
| Invoice 48497 | Disallowed in its entirety. |
| Invoice 8700 | Full amount of $483.40 allowed. |
| Invoice 49782 | Disallowed in its entirety. |
| Invoice 8706 | Full amount of $408.70 allowed. |
| Invoice 48735 | Reduced to $1,096.70 because of inclusion of shipping costs. |
| Invoice 48886 | Disallowed in its entirety. |
| Invoice 8733 | Full amount of $674.05 allowed. |
| Invoice 48861 | Reduced to $655.70 because of inclusion of shipping costs. |
| Invoice 48809 | Disallowed in its entirety. |
| Invoice 48893 | Reduced to $700.40 because of inclusion of shipping costs. |
| Invoice 48815 | Disallowed in its entirety. |
| Invoice 48814 | Disallowed in its entirety. |
| Invoice 48896 | Reduced to $1,469.80 because of inclusion of shipping costs. |
| Invoice 48817 | Disallowed in its entirety. |
| Invoice 48899 | Reduced to $516.50 because of inclusion of shipping costs. |
| Invoice 48819 | Disallowed in its entirety. |
| Invoice 49038 | Reduced to $1,820.30 because of inclusion of shipping costs. |
| Invoice 48823 | Disallowed in its entirety. |

| | |
|---|---|
| Invoice 9923 | Full amount of $1,96.47 allowed. |
| Invoice 9958 | Disallowed in its entirety. |
| Invoice 9892 | Reduced to $1,310.23 for inclusion of costs for multiple copies and shipping fees. |
| Invoice 9967 | Disallowed in its entirety. |
| Invoice 49217 | Full amount of $158.10 allowed. |
| Invoice 49251 | Full amount of $271.70 allowed. |
| Invoice 49413 | Reduced to $2,039.45 because of inclusion of shipping costs. |
| Invoice 49471 | Disallowed in its entirety. |

Applying the rulings regarding transcripts to the First Response's Bill of Costs results in no adjustments.

### C. Propriety of Awarding Costs

Plaintiffs announced their contention "that taxing the losing party with such exorbitant costs will have a chilling effect upon similarly situated plaintiffs (those seeking redress for racial discrimination)." Doc. # 276 at 2. They made no further mention of this argument, and offered no legal support for it. To the extent Plaintiffs intended to argue that an award of costs should be denied simply because Plaintiffs asserted a claim of racial discrimination, the argument is rejected. There is a presumption in favor of awarding costs to the prevailing party, e.g., Marx v. General Revenue Corp., 133 S. Ct. 1166, 1172-73 & n.3 (2013), and this policy decision (embodied both in Rule 54 and section 1920) does contain categorical exceptions for certain types of lawsuits.

### III. CONCLUSION

Defendant First Response's Bill of Costs is granted in full, and it is awarded costs in the amount of $10,089.09. The remaining Defendants' Bill of Costs is granted in part, and they are awarded costs in the amount of $18,839.65 for depositions, $1,309.46 for printing and $478.00 in witness fees, for a total award of $20,627.11.

In the absence of any suggestion to the contrary from any party, Plaintiffs are jointly and severally responsible for payment of these costs.

IT IS SO ORDERED.

DATE: August 10, 2015

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT