IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

DANTE A.R. COMBS,                          )
                                           )
                    Plaintiff,             )
                                           )
vs.                                        )          Case No. 14-0227-CV-W-ODS
                                           )
THE CORDISH COMPANIES, INC.,               )
et al.,                                    )
                                           )
                    Defendants.            )

## ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS IN LIMINE, AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS IN LIMINE

Pending are Plaintiff's Motions in Limine (Doc. #343), and Defendants' Motions in Limine (Doc. #344).  As set forth below, both motions are granted in part and denied in part.  The parties are reminded these rulings are interlocutory.  Thus, the denial of a request to bar evidence at this juncture preserves nothing for review, and the parties may re-assert their objections at trial if they deem it appropriate to do so.  Evidence barred by this Order shall not be discussed in the jury's presence (including during opening statements) without leave of the Court.  The parties are free to suggest (out of the jury's presence) that something has occurred during the trial justifying a change in the Court's interlocutory ruling.

## Plaintiff's Motions in Limine

**(1)    Dismissed Parties**

Plaintiff seeks to exclude evidence pertaining to parties that have been dismissed.  Defendants object to this motion, arguing it may be appropriate for Defendants to mention or explain the role absent parties may have played after the Mosaic Lounge incident.  Defendants maintain the preclusion of this argument would hinder their ability to defend this case.  Defendants also believe Plaintiff may call witnesses who were employed by First Response to testify at trial, and if Plaintiff's

motion is granted, Defendants would be precluded from mentioning First Response while questioning someone who worked for First Response.

The parties are precluded from presenting evidence or inquiring about claims against parties that are no longer parties in this action. The parties will be permitted to set forth evidence and elicit testimony regarding the actions or inactions of dismissed parties, but there shall be no reference to claims that have been dismissed. For these reasons, Plaintiff's motion is granted in part, and denied in part.

**(2)    Dismissed Claims**

Plaintiff asks the Court to prohibit references to any causes of action alleged by Plaintiff that were subsequently dismissed. Defendants generally do not oppose the motion, but object to the motion to the extent it seeks to preclude Defendants from mentioning, presenting evidence, or making argument regarding allegations and facts related to the remaining claim in this case. Plaintiff's motion is granted, and Defendants' request is granted.

**(3)    Lawsuit Brought as Class Action, and Failure to Obtain Class Certification**

Plaintiff moves to exclude references to the lawsuit being initiated as a purported class action, and Plaintiff's failure to obtain class certification. In Defendants' Motion in Limine No. 36, they seek to exclude, among other things, the Court's denial of Plaintiff's motion for class certification. But in response to Plaintiff's motion, Defendants argue they should be permitted to refer to the absence of witnesses corroborating the alleged discriminatory denial of entry to the Mosaic Lounge. Plaintiff's motion is granted. Defendants' request, although unrelated to the fact that this matter was brought as a class action and certification for class certification was denied, is granted.

**(4)    Plaintiff Williams**

Plaintiff seeks to exclude references to Plaintiff Williams or his claims. Plaintiff contends references to the other plaintiff in this matter is not relevant to his remaining claim, and introduction of evidence related to Williams could be prejudicial to Plaintiff. Defendants generally do not oppose the motion, and agree they will not mention

Williams was a previous plaintiff in this matter.  Defendants object to this motion to the extent it seeks to preclude Defendants from referencing, presenting evidence, or making arguments about allegations or supposed facts regarding Williams that relate to the remaining claim.  Plaintiff's motion is granted, and Defendants' request is granted.

**(5)     Appeal to the Eighth Circuit and Subsequent Decision**

Plaintiff requests the Court preclude references to his appeal to the Eighth Circuit Court of Appeals, and that Court's decision.  Defendants do not oppose this motion.  Accordingly, this motion is granted.

**(6)     Other Lawsuits Involving Plaintiff and Plaintiff's Financial Condition**

Plaintiff moves to exclude references to or evidence of any other lawsuit to which he has been a party.  Defendants oppose this motion, arguing other lawsuits to which Plaintiff was a party may be relevant to the claims, defenses, and legal theories in this matter.  Defendants point specifically to Plaintiff's voluntary petition for bankruptcy filed in the United States District Court for the District of Kansas, and the fact that the bankruptcy petition was pending when the incident at issue occurred.  Defendants also argue Plaintiff alleges Defendants caused his immediate and extreme emotional distress, and Defendants should be permitted to present evidence about other events in his life that caused him stress and/or affected his emotional well-being.  Plaintiff admitted during his deposition that his bankruptcy proceeding and the judgment against him were stressors.  Doc. #354-1, at 4-8.

To the extent Plaintiff testifies at trial that he suffered emotional distress as a result of Defendants' actions, he opens the door to inquiries into other events in his life, including his bankruptcy and the judgment against him, that may have caused or contributed to his emotional distress.  Accordingly, this motion is denied.

**(7)     Evidence of Events Leading to Plaintiff Declaring Bankruptcy**

Plaintiff asks that evidence of the events concerning the personal reasons that led Plaintiff to file for bankruptcy be excluded because the events are irrelevant.  Plaintiff states his wife suffered from severe bouts of post-partum depressions, which

prevented her from working for some time, leading to the bankruptcy. Plaintiff argues it would invade his privacy and his wife's privacy by divulging this personal reason for filing for bankruptcy protection. Defendants oppose this motion for the same reasons as it opposed Plaintiff's Motion in Limine No. 6.

To the extent Plaintiff testifies he suffered emotional distress as a result of Defendants' actions, he opens the door to inquiries about other events that may have caused or contributed to his emotional distress. Accordingly, this motion is denied.

**(8)     Plaintiff Filing Bankruptcy**

Plaintiff asks the Court to preclude reference to and evidence of Plaintiff filing for bankruptcy. Defendants oppose this motion for the same reasons they opposed Plaintiff's Motion in Limine No. 6. To the extent Plaintiff testifies Defendants' actions caused him emotional distress, he opens the door to inquiries about other events that may have caused or contributed to his emotional distress. Accordingly, this motion is denied.

**(9)     Plaintiff Socializing with Clients/Friends During Wife's Post-Partum Depression**

Plaintiff seeks to exclude any mention that he went out with clients/friends while his wife was suffering from post-partum depression on the night Defendants allegedly discriminated against him. Defendants object to this motion, arguing this evidence is relevant to Plaintiff's supposed emotional distress damages. Plaintiff claims the incident at issue in this case caused him "dread and worry regarding work, along with the shame, deeply damages esteem, hopelessness, helplessness, agony, anger and more." Doc. #354-2, at 12. But Plaintiff also testified his wife's post-partum depression contributed to his financial stressors because she was unable to earn income while suffering from post-partum depression.

Defendants also maintain the evidence is relevant to Plaintiff's credibility because, although he alleged the Mosaic incident resulted in worry and anxiety for his wife and family, he admitted he would go out with friends while his wife was suffering

from post-partum depression.  Defendants also argue the evidence goes to Plaintiff's perception of discrimination at the time of the incident.

Although the Court doubts the evidence that Plaintiff's wife was suffering from post-partum depression could be relevant to Plaintiff's perception of discrimination of the incident, the Court finds the circumstances surrounding the incident, including stressors at home, are relevant and admissible.  Therefore, Plaintiff's motion is denied.

**(10)    Plaintiff's Nicknames**

Plaintiff asks the Court to prohibit reference to any of his nicknames.  Defendants object to this motion because putative jurors may know Plaintiff by his nicknames, and therefore, the issue should be a permitted line of inquiry during voir dire.  To the extent Defendants want to inquire with the jury panel about jurors' knowledge of a person with a nickname, Defendants may do so, but they must not identify that the nickname relates to Plaintiff.  If a juror indicates he or she knows of a person with that nickname, the Court will have the juror approach the bench.

**(11)    Plaintiff's Use of Valtrex and/or its Possible Medical Indications**

Plaintiff requests the Court exclude evidence or reference to his prescription for Valtrex and/or one of the prescription's indicated uses.  Defendants oppose this motion because the evidence it seeks to preclude is relevant to Plaintiff's alleged emotional distress.  Absent a showing that Plaintiff was taking this medication or was suffering from a condition for which the medication was prescribed at the time of the incident, this evidence is not relevant.  Accordingly, Plaintiff's motion is granted.

**(12)    Previous Lawyers Retained by Plaintiff in This Matter**

Plaintiff moves to exclude references to the attorneys he previously retained in this matter.  Defendants do not oppose this motion.  Accordingly, this motion is granted.

**(13)   Lawsuit Brought by Defendants Against Linda Dickens**

Plaintiff seeks to preclude mention or evidence related to the lawsuit Defendants filed against Plaintiff's counsel, Linda Dickens.  Defendants do not oppose this motion, and also seek similar relief in a motion in limine.  The Court grants Plaintiff's motion.

**(14)   Case is Lawyer-Driven**

Plaintiff moves for exclusion of arguments that this matter is lawyer-driven or fabricated by Plaintiff's counsel to pursue the case.  Defendants generally do not oppose Plaintiff's motion.  But Defendants object to any limitation to its ability to address the remedies Plaintiff seeks and has sought.  Plaintiff's motion is granted.  Defendants' request is also granted.

**(15)   Witnesses Not Listed in Defendants' Rule 26 Disclosures**

Plaintiff seeks to preclude Defendants from calling any witness who was not listed on Defendants' Rule 26 disclosures.  Although they seek similar relief in their Motion in Limine No. 27, Defendants object to this motion because they "should not be precluded from calling witnesses Plaintiff clearly knew about and believed to have information relevant to this case, including but not limited to all those deposed in this case."  Doc. #354, at 7.

While the parties should have supplemented their Rule 26(a)(1) disclosures to include any witnesses a party intended to call, many witnesses were identified during the course of discovery, including, but not limited to, answers to interrogatories, depositions, and initial and supplemental initial disclosures.  Plaintiff's motion is granted but the parties will not be limited to the individuals listed in Rule 26(a)(1) disclosures, so long as the proffered witness was identified to the opposing party during the course of discovery.

**(16)   Fact and Timing of Plaintiff Contacting and/or Retaining an Attorney**

Plaintiff asks the Court to preclude inquiries about Plaintiff contacting and eventually retaining counsel, and the timing of those events.  Defendants do not object

to this motion but reserve the right to present evidence should Plaintiff elicit testimony or present other evidence or argument regarding this topic. Plaintiff's motion is granted.

**(17) How Plaintiff Retained Linda Dickens as Trial Counsel**

Plaintiff moves to exclude evidence related to how he retained Linda Dickens. Defendants do not oppose this motion. Accordingly, this motion is granted.

**(18) Settlement Negotiations and Plaintiff's Valuation of Case**

Pursuant to Rule 408 of the Federal Rules of Evidence, Plaintiff requests evidence of settlement negotiations as well as Plaintiff's valuation of the case be precluded. Defendants seek the same relief in Motion in Limine No. 32, but argues they should not be precluded from discussing the nature and extent of the remedies Plaintiff seeks, including Plaintiff's valuation of his purported damages. This motion is granted but does not limit Defendants from discussing the nature and extent of the remedies Plaintiff seeks, including Plaintiff's valuation of damages made during trial.

**(19) Other Cases Settled Against Defendants**

Plaintiff asks the Court to exclude evidence pertaining to settled cases involving Defendants in this matter. Defendants do not object to this motion to the extent it relates to actual settlements. Defendants argue they should be permitted to inquire about witnesses' lawsuits and/or charges of discrimination against Defendants because such evidence could be used to demonstrate bias and/or attack credibility. The Court agrees with the parties that settlements of cases involving Defendants should be excluded. To the extent Plaintiff was attempting to exclude other evidence in this motion, that request is denied.

**(20) Cusimano Lawsuit**

Plaintiff moves to exclude evidence pertaining to Glen Cusimano's lawsuit against Cordish but does not provide a basis for excluding this evidence. In their Motion in Limine No. 13, Defendants seek exclusion of Cusimano's testimonies from his lawsuits against Defendants. However, Defendants argue that if any of Cusimano's

previous testimony is admitted at trial or Cusimano is called to testify in this trial, they should be permitted to ask him about his lawsuits and charges of discrimination against Defendants. They contend this evidence could be used to demonstrate bias and/or attack credibility. Plaintiff's motion is granted. However, if Cusimano is called to testify at trial, Defendants will permitted to question him about his prior lawsuit(s) and charge(s) of discrimination.

**(21)    Plaintiff's Uncle's Friendship with David Cordish**

According to Plaintiff, his uncle, Frank Reid, is a prominent figure in Baltimore, and is good friends with David Cordish. Defendants do not object to this motion but reserve the right to present evidence should Plaintiff elicit testimony or present argument or evidence regarding this topic. Plaintiff's motion is granted.

**(22)    Awards Received by the Cordish Company and its Officers or Members**

Plaintiff asks the Court to prohibit Defendants from introducing evidence about awards or accolades they (or their officers or members) received because this evidence would be prejudicial to him. Defendants oppose this motion because the information is relevant to their background, and they should be permitted to offer evidence about the context of their organizations.

Plaintiff's motion is granted in part, and denied in part. The Court will permit evidence about Defendants' awards or accolades specifically related to the Kansas City location that were received close in time to the incident involving Plaintiff. The Court will also permit evidence of awards and accolades received by those individuals connected with the incident involving Plaintiff. Evidence of or reference to other awards and accolades will be excluded.

**(23)    Cordish Family's Philanthropic Work**

Plaintiff seeks to exclude references to any philanthropic work in which the Cordish family engages. Plaintiff contends the admission of such evidence amounts to character evidence, and argues this evidence would be prejudicial to Plaintiff.

Defendants oppose this motion because it is relevant to Defendants' background, and they should be permitted to offer evidence about the context of their organizations.

Plaintiff's motion is granted in part, and denied in part.  To the extent the Cordish family engaged in philanthropic work in the Kansas City area close in time to the incident involving Plaintiff, the Court will permit evidence of that philanthropic work.  Evidence of or reference to other philanthropic work in which the Cordish family engages will be excluded.

**(24)    Investigation by NAACP and Philadelphia Clergy**

Plaintiff asks the Court to preclude evidence of an investigation conducted by the NAACP and the Black Clergy in Philadelphia (or any other individual or group) into allegations of race discrimination in places built, maintained, operated and/or overseen by Defendants.  He argues this evidence is hearsay, and because the investigations were not conducted by a government agency, the evidence cannot satisfy an exception to the hearsay rule.

Defendants object to this motion.  They argue the evidence tends to make the facts in this case more or less probable, and therefore, relevant and admissible.  Defendants suspect Plaintiff will make Mosaic's dress code a central issue in this matter by attempting to show it was discriminatory.  If he elicits such evidence, Defendants argue they should be permitted to present evidence to counter those assertions, including the NAACP's and Black Clergy's conclusions that the dress code was not discriminatory.  Defendants maintain Zed Smith, an employee of the Cordish Companies, Inc., has personal knowledge of these conclusions and findings, and Defendants should be permitted to present this evidence.

Although they contend Smith has personal knowledge about the investigations and conclusions, Defendants do not point to anything to support that argument.  Unless Smith truly has personal knowledge of the investigations and conclusions, these matters are nothing more than hearsay, and are inadmissible.  In addition, these investigations and conclusions do not appear to be relevant to the claim being tried.  For these reasons, Plaintiff's motion is granted.

**(25) Zed Smith's Statements About Cordish and Plaintiff**

Plaintiff seeks to preclude reference to or evidence of Zed Smith's statements about Cordish (specifically, that Cordish does not discriminate) and Plaintiff. Plaintiff argues these statements should be excluded because they are conclusions by a non-expert, would mislead the jury, and would prejudice Plaintiff. He also contends these statements are inadmissible character evidence.

Defendants oppose this motion, arguing Smith, who is African-American, is the Cordish Companies' Chief Operating Officer, and was involved with the implementation of and issues associated with Mosaic's dress code. According to Defendants, Smith should be permitted to offer his knowledge and opinions about the dress code. Defendants also contend Smith's statements about Cordish and Plaintiff are appropriate opinion testimony from a lay witness.

Although not addressed by the parties, it is unclear if Smith's statements are hearsay. To the extent these statements are hearsay or Defendants seek to elicit Smith's opinion on whether Defendants discriminate, those statements and opinions will not be permitted. Smith's opinions do not satisfy the requirements for opinion testimony by lay witnesses as set forth in Rule 701 of the Federal Rules of Evidence. For these reasons, Plaintiff's motion is granted. In granting this motion, the Court is not precluding Defendants from asking Smith about his role in formulating and/or implementing the dress code for Mosaic.

**(26) David Cordish's Former Position as Chairman of the Housing Authority**

Plaintiff asks the Court to preclude evidence of David Cordish's former position with the Housing Authority because it is not relevant, would be used as impermissible character evidence, would confuse and mislead the jury, and would prejudice Plaintiff. Defendants oppose the motion because they should be permitted to disclose facts about Cordish during voir dire that may reveal familiarity with or bias against him.

Plaintiff's motion is granted in part, and denied in part. To the extent Defendants want to inquire about the jury panel's familiarity with Cordish in his role as Chairman of the Housing Authority, those questions should be included in their proposed voir dire. The parties do not identify when Cordish held this position, but it appears he held the

position in the 1970s. The Court finds this evidence is not relevant to the claim being tried. Further, evidence of Cordish's work more than forty years ago is not temporally connected to the claim being tried. Accordingly, the testimony will be excluded.

**(27)   David Cordish's Work in the Carter Administration**

Plaintiff moves to exclude evidence of David Cordish's work in the Carter Administration for essentially the same reasons he seeks to exclude references to Cordish's former position with the Housing Authority. Defendants oppose the motion because they should be permitted to disclose facts about Cordish during voir dire that may reveal any familiarity with or bias against him.

Plaintiff's motion is granted in part, and denied in part. To the extent Defendants want to inquire about the jury panel's familiarity with Cordish in his work with the Carter Administration, those questions should be included in their proposed voir dire. The Court finds testimony about Cordish's work in the Carter Administration is not relevant to the claim being tried. Further, evidence of Cordish's work roughly forty years ago is not temporally connected to the claim being tried.

**(28)   Reed Cordish as a Trump Advisor**

Plaintiff seeks exclusion of any reference to Reed Cordish serving as an advisor in the Trump Administration. Defendants do not oppose the motion, and seek to exclude the same references in their Motion in Limine No. 23. Plaintiff's motion is granted.

**(29)   Statements by the Trump Transition Team**

Plaintiff seeks to exclude statements made by the Trump Transition Team. Defendants do not oppose this motion. Accordingly, this motion is granted.

**(30)   David Cordish Threw Out the First Pitch at Orioles Baseball Game**

Plaintiff's description of this motion is as set forth above; however, in the text of the motion, Plaintiff refers to Reed Cordish being admired and revered in his hometown

of Baltimore.  Defendants do not oppose the motion.  Accordingly, this motion is granted.

**(31)   Jake Miller's Father Played for the Baltimore Colts**

Plaintiff asks that the fact Jake Miller's father played for the Baltimore Colts be excluded.  Defendants do not oppose this motion.  Accordingly, this motion is granted.

**(32)   Jake Miller's Child**

Plaintiff requests that no references be made to the fact that Jake Miller's son has a disability because this evidence is not relevant.  Defendants oppose the motion because they should be permitted to disclose facts about Miller during voir dire that may reveal any familiarity with or bias against him.  Defendants also argue that to the extent Miller's deposition testimony is admitted at trial, Defendants should be permitted to "present evidence that provides a holistic picture of Mr. Miller as an individual, which includes background information about his life at work and home."  Doc. #354, at 12.  The Court overrules Defendants' objections, and grants Plaintiff's motion.

**(33)   Pre-Trial Publicity**

Plaintiff moves to exclude references to pre-trial publicity regarding this case.  Defendants do not oppose the motion to the extent the motion is directed at the parties and their counsel.  With the agreement of the parties, the Court grants Plaintiff's motion.  The parties and their attorneys should not refer to pre-trial publicity during trial.

**(34)   Media Coverage Regarding this Case**

Similar to the previous motion in limine and for the same reasons set forth in that motion, Plaintiff asks that all references to media coverage of this case – regardless of whether it supports or opposes Defendants – be excluded.  Defendants do not oppose the motion to the extent the motion is directed at the parties and their counsel.  With the agreement of the parties, the Court grants Plaintiff's motion.  The parties and their attorneys should not refer to media coverage of this matter during trial.

**(35)    Trial Pleadings**

Plaintiff moves to exclude allegations or claims in trial pleadings because they are not relevant and should not be the subject matter of questioning or comment by Defendants.  Defendants generally do not oppose the motion.  However, to the extent Plaintiff seeks to preclude Defendants from using affidavits, declarations, or sworn interrogatory answers against a witness, Defendants object.  Plaintiff's motion is granted, and Defendants' request is granted.

## Defendants' Motions in Limine

**(1)    "Me Too" or "Them Too"**

Defendants seek to exclude interjection of other purportedly discriminatory incidents and aggrieved individuals' allegations of race discrimination.  Defendants argue unrelated incidents and allegations are not relevant, and even if they were relevant, any probative value is outweighed by the prejudicial effect.  Plaintiff objects to this motion, arguing evidence of incidents similar to the incident at issue is relevant to prove what happened to him.  Plaintiff also indicates this evidence is relevant to his claim for punitive damages.  Plaintiff concedes he will not offer evidence of other alleged discrimination outside of the dress code related issue.

"Me too" evidence is "neither *per se* admissible nor *per se* inadmissible" under Rules 401 and 403 of the Federal Rules of Evidence.  *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 381 (2008).[1]  "Relevance and prejudice under Rules 401 and 403 are determined from the context of the facts and arguments in the particular case…."  *Id.* at 387 (noting the inquiry is fact-intensive and context-specific).  The admissibility of "me too" evidence depends on many factors, "including how closely related the evidence is to the plaintiff's circumstances and theory of the case."  *Id.* at 388; *see also Dindinger v. Allsteel, Inc.*, 853 F.3d 414, 424-45 (8th Cir. 2017) (citation omitted).  The Eighth Circuit has held "me too" evidence should normally be freely

---

[1] Both parties cite to cases discussing "me too" evidence in the employment context.  In doing so, the parties have conceded the same standard and analysis applies to this matter.  Moreover, the Court has not located a case wherein a different analysis applied to a matter involving public accommodation.

admitted at trial because "an employer's past discriminatory policy and practice may well illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination." *Dindinger*, 853 F.3d at 424 (quoting *Hawkins v. Hennepin Tech. Ctr.*, 900 F.2d 153, 155-56 (8th Cir. 1990)).

To determine whether "me too" evidence is admissible, the Court must engage in a case-by-case analysis of the "me too" evidence to ascertain, among other things, the context of that evidence, and how closely related that evidence is to the facts and arguments in the matter being tried. But Defendants do not set forth what particular "me too" evidence they seek to exclude. As such, the Court cannot conduct the necessary analysis to determine if the evidence should be excluded. Accordingly, Defendants' motion is denied.

**(2)      MCHR Investigations and Collateral Litigation**

Defendants ask the Court to preclude evidence, arguments, and references to investigations by the Missouri Commission on Human Rights ("MCHR") and related collateral litigation involving dress codes in the District. Defendants contend these matters are irrelevant, and any probative value is substantially outweighed by the danger of unfair prejudice. Plaintiff does not intend to offer evidence of other MCHR charges of discrimination or investigations, but will offer evidence of other African-Americans excluded from the District because of its allegedly discriminatory dress code.

Defendants' motion is granted in part. Evidence, arguments, and references to investigations conducted by the MCHR will be excluded. Defendants refer to "collateral litigation" but it is unclear as to what specific matters Defendants seek to exclude. Further, it is unclear what specific evidence Plaintiff intends to offer. As a result, the Court does not have sufficient information to consider this portion of Defendants' motion. In this regard, Defendants' motion is denied. With regard to the potential introduction and admissibility of "me too" evidence, the Court refers the parties to its analysis of Defendants' Motion in Limine No. 1.

**(3)    The Lawsuit Against Plaintiff's Counsel**

Defendants argue the parties should be prohibited from presenting evidence, making arguments, or referencing a lawsuit filed by some Defendants against Plaintiff's counsel.  Plaintiff sought similar relief in his Motion in Limine No. 13.  Defendants' motion is granted.

**(4)    Media Reports about Plaintiff's or Others' Claims**

Defendants seek to exclude media reports about Plaintiff's or others' claims of alleged discrimination by Defendants.  Plaintiff does not oppose this motion with one exception:  he should be permitted to explain why he waited so long to file this matter, and the impetus (i.e., media reports) for filing the matter.  The Court grants Defendants' request.  However, if Defendants insinuate Plaintiff delayed in filing this lawsuit or inquire about why he waited to file this lawsuit, the Court will permit the introduction of the media report(s) that triggered Plaintiff's filing of this lawsuit.  Upon request, the Court will consider a limiting instruction that any such evidence is offered solely to explain why Plaintiff filed suit when he did, and the evidence should not be considered for any other purpose, including the truth of the contents therein.

**(5)    Alleged Financial Subsidies Provided to the District**

Defendants ask that evidence, argument, and reference to alleged financial subsidies provided to the District be excluded.  Plaintiff does not intend to offer evidence of alleged financial subsidies.  Accordingly, this motion is granted.

**(6)    Selection of Defendants to Own, Construct, and Operate the District**

Defendants move to prohibit evidence about the selection of Defendants to own, construct, and operate the District.  Defendants argue this evidence is irrelevant, and even if relevant, any probative value is outweighed by unfair prejudice in the forms of delay, confusion, and waste of time.  Plaintiff argues the selection of Defendants to own, construct, and operate the District provides relevant background information.  The Court denies Defendants' motion.  That said, the facts surrounding the selection of

Defendants to own, construct, and operate the District are largely uncontroverted, and therefore, the parties could and should stipulate to those facts.

**(7)    Organizational Subdivisions, Status as a Foreign Corporation, or Locations Not at Issue**

Defendants move to exclude evidence about their subdivisions, their foreign corporation status(es), and locations owned or operated by Defendants outside of Kansas City.  Defendants argue these matters are irrelevant, may confuse the jurors, and would introduce an improper "American…versus foreign company" dynamic. Plaintiff opposes the motion.  First, Plaintiff contends Cordish's website lists ten divisions it calls "areas of expertise," and that information is relevant as background information.  Second, Plaintiff argues any regional prejudices are presumed neutralized in federal court.  Third, Plaintiff argues events that occurred at other locations that involve Reed Cordish and/or Jake Miller should not be excluded because Cordish and Miller are, according to Plaintiff, implicated in this matter.

The Court grants in part and denies in part Defendants' motion to exclude evidence about their subdivisions.  Evidence related to Defendants' subdivisions having no connection to operations in the District will not be permitted.  But evidence pertaining to Defendants' subdivisions connected with the District's operation will be permitted.

The Court grants Defendants' request to exclude evidence about or reference to Defendants' foreign corporation status(es).  That evidence is not relevant.

Defendants' request to exclude evidence or references to the locations of establishments owned and operated by Defendants outside of the District is granted. However, to the extent Plaintiff intends to offer "me too" evidence emanating from other locations, the Court refers Plaintiff to its analysis in Defendants' Motion in Limine No. 1.

**(8)    "David and Goliath" Statements, Evidence About the Parties' Comparative Economic Status, and General Financial Conditions of the Parties**

Defendants seek to preclude parties from making comments, referencing, or seeking to admit evidence characterizing this case as pitting an individual against a large corporation.  Defendants argue the parties should be prohibited from making comments about or referencing Defendants' size, scope, or financial conditions.

Defendants also ask the Court to preclude statements about (1) Defendants' ability to pay a judgment; (2) Defendants are productive, efficient, or profitable; (3) parties' ability to afford counsel; (4) the number of attorneys and paralegals appearing on behalf of the parties; (5) the costs of prosecuting or defending the action; (6) the number of attorneys, or the size and scope of counsel's firms; (7) the clothes or jewelry worn by counsel, staff, and witnesses; (8) the nature or number of trial exhibits, demonstrative exhibits, and other evidence; (9) witness fees; or (10) any other matter promoting an inference this is a "David and Goliath" situation. Plaintiff indicates he will not make a "David and Goliath" argument.

The Court grants Defendants' motion. However, if the Court decides to submit the issue of punitive damages to the jury, Plaintiff will be permitted to elicit and present information about Defendants' financial condition.

**(9)     Evidence about the Conduct or Comments/Opinions of Third Parties**

Defendants request evidence about conduct, or comments, made by third parties who are not involved in this matter be excluded. Specifically, Defendants ask the Court to prohibit (1) evidence about former Defendant First Response burning ejection logs, (2) testimony from Lisa O'Brien, First Response's employee, about the ejection logs and the disproportionate number of African-Americans who were ejected, and (3) a comment by Plaintiff's grandmother telling him he had to be ten times better to be equal (or other similar comments).

Plaintiff argues First Response's destruction of ejection logs, and O'Brien's testimony about the ejection logs are relevant. While First Response produced ejection logs starting with December 20, 2013, the ejection logs prior to that date, which would include the incident involving Plaintiff, were destroyed by O'Brien. This evidence is relevant, and will not be excluded. Defendants' motion in limine is denied in this regard.

Plaintiff argues statements made by his grandmother (and mother) are not hearsay because they are not offered to prove the truth of the matters asserted therein. He also contends these statements should be admitted because they explain why he dresses up, and why he is careful to remain outwardly calm when confronted in situations such as Mosaic. Plaintiff also maintains the statements "play[] into Dante's

suffering over this incident."  Doc. #356, at 7.  Even if Plaintiff indicates he does not offer the statements to prove the truth of the matters asserted therein, these comments are not relevant to the claim being tried.  Fed. R. Evid. 401.  Furthermore, the statements offered by Plaintiff's mother and grandmother could be considered lay opinions, but their opinions do not satisfy the requirements of Rule 701 of the Federal Rules of Evidence.  With regard to the statements made by Plaintiff's grandmother (and similar comments by his mother), Defendants' motion is granted.

**(10)    Entering and Exclusion from the District**

Defendants move to prohibit evidence, arguments, and references to difficulties entering, or being removed from, the District.  According to Defendants, Plaintiff did not allege he was denied entry into the District (rather, a venue inside the District), and he did not allege he was removed from the District.  Defendants argue evidence of others who were allegedly excluded or removed from the District does not make any fact about whether Plaintiff was denied entry into Mosaic Lounge because of his race more or less probable.

Plaintiff objects to this motion.  He intends to offer evidence that other African-Americans were excluded from the District because of Defendants' allegedly discriminatory dress code.  Plaintiff argues this evidence is relevant as set forth in his responses to Defendants' Motions in Limine No. 1 and 2.

At this juncture, the Court does not know what specific evidence Defendants intend to exclude or Plaintiff plans to offer.  Thus, this motion is premature, and the Court denies Defendants' request.  Nonetheless, the Court refers the parties to its analysis of Defendants' Motion in Limine No. 1, which sets forth the standard the Court must apply when considering admission of this evidence.

**(11)    Discriminatory "Tactics" to Remove or Exclude African-American Patrons**

Defendants ask the Court to bar evidence, arguments, and references about alleged discriminatory "tactics" used to remove or exclude African-American men from the District.  Defendants argue evidence about the "rabbit" scheme should be barred because the claims involving those allegations have been dismissed.  Defendants also

seek to exclude evidence or allegations that African-Americans were refused reservations, establishments selected certain music to dissuade African-Americans from patronizing businesses within the District, mace was sprayed into crowds, patrons were told a venue was overbooked or unavailable, "clickers" were used to keep track of African-American patrons, and random cover charges were instituted to keep people out.

Plaintiff opposes the motion, arguing Defendants' allegedly discriminatory tactics "are relevant as to Mosaic to show that Defendants had a plan of discrimination toward African-Americans in that particular club."  Doc. #356, at 8.  Plaintiff also contends this evidence is relevant for Plaintiff's claim of punitive damages.

To the extent Defendants engaged in discriminatory tactics, such tactics could reveal a hostility or animus against African-Americans, and may make the allegation that Plaintiff was discriminated against on the basis of his race more likely.  Fed. R. Evid. 401.  Accordingly, Defendants' motion is denied.  However, if Plaintiff seeks to introduce evidence of allegedly discriminatory tactics, the Court directs Plaintiff to its analysis of Defendants' Motion in Limine No. 1.

## (12)    Sworn Testimony from Unrelated Cases

Defendants request that the Court exclude testimony from other lawsuits. Specifically, Defendants seek to exclude (1) testimony by David Skyrm, a former manager at one of Defendants' establishments in Kentucky, in a lawsuit against Defendants alleging wage and hour violations; (2) testimony by Glen Cusimano in his lawsuit against Defendants alleging violations of the Missouri service letter statute, defamation, assault, and battery; (3) testimony by Christina Martinez, an employee of the District between 2009 and 2013, during one of Cusimano's lawsuits against some Defendants; and (4) testimony by Victoria Rush, a Mosaic Lounge employee from 2012 to 2013, during one of Cusimano's lawsuits against Defendants.  Defendants argue these testimonies are not admissible under Rule 32 of the Federal Rules of Civil Procedure.  Defendants also contend the testimonies are inadmissible hearsay.

Plaintiff argues a blanket exclusion of these individuals' testimonies should not be granted.  Plaintiff contends the Court must understand the circumstances of the

testimony, whether Defendants had an opportunity to cross-examine and object to the testimony, whether the witness is unavailable, and whether the witness made admissions before determining admissibility. Plaintiff states he issued subpoenas to Skyrm, Cusimano, Martinez, and Rush, but if any of them cannot attend, Plaintiff intends to introduce the witness's testimony from a prior case.

Although it goes without saying, any former testimony Plaintiff intends to offer must be relevant. Fed. R. Evid. 401. Plaintiff provided several exhibits (and more than 150 pages of pleadings, motions, docket sheets, and deposition excerpts) to support his argument that the testimonies of these individuals are relevant. Unfortunately, the only testimony for which Plaintiff provides analysis is Skyrm. Doc. #356, at 9-11. Although a small portion of Skyrm's deposition may be relevant, there are other obstacles, set forth below, Plaintiff must overcome before the Court will consider allowing portions of Skyrm's deposition. With regard to Cusimano, Martinez, and Rush, the Court simply does not have sufficient information to determine whether their former testimonies are relevant.

To use former testimony at trial, a party must satisfy the requirements set forth in Rule 804 of the Federal Rules of Evidence. First, the witness must be unavailable as set forth in Rule 804(a). To the extent the witness resides in the area and is available, the Court expects the witness, absent extraordinary circumstances, to appear as required. Second, the former testimony must have been given by a witness at a trial, hearing, or deposition, and must be offered against a party who had (or the party's predecessor in interest had) an opportunity and similar motive to develop the testimony by direct, cross-examination or redirect examination. Fed. R. Evid. 804(b)(1). At this time, it is unknown if these witnesses are unavailable. And the extent to which Defendants had an opportunity to examine the witness is not fully developed in the documents provided to the Court.

In addition, although Rule 804 sets forth an exception to the hearsay rule for former testimony by an unavailable witness, the former testimonies appear to include hearsay statements, and it is unclear if each of those statements conform with an exception to the hearsay rule. Fed. R. Evid. 805 (stating hearsay within hearsay is not excluded if each part of the combined statements conforms with an exception to the

hearsay rule). To the extent there are statements in the former testimony Plaintiff intends to offer that are hearsay, Plaintiff must establish each statement fits an exception to the hearsay rule.

Given the many variables and unknowns set forth above, the Court cannot conduct a proper legal analysis of Defendants' motion. Accordingly, the Court denies Defendants' motion at this time.

## (13) Testimony about Speculative Fear of Retribution

Defendants move to exclude testimony from former employees of the District regarding fear of retribution if they reported what they perceived as discriminatory conduct. Plaintiff agrees testimony of fear of retribution is speculation. Accordingly, the Court grants Defendants' motion.

## (14) Beliefs, Perceptions, and Feelings about Others' States of Mind

Defendants request that evidence, argument, and references about the beliefs, perceptions, and feelings regarding others' states of mind be excluded. Defendants anticipate Plaintiff may testify that he believes others engaged in race discrimination, or Jake Miller allegedly made a comment in reference to the Mosaic Lounge. Defendants argue such purported evidence is speculative, not based upon Plaintiff's or the witness's personal knowledge, and is inadmissible hearsay. Plaintiff agrees evidence of what others' states of minds is inadmissible unless the other person made a declaration that falls within an exception of the hearsay rule.

The Court grants Defendants' motion. Beliefs, perceptions, and feelings about another person's state of mind are precluded. However, this ruling does not preclude non-hearsay statements or statements that compare with an exception to the hearsay.

## (15) Friends' and Counsel's Opinions

Defendants ask the Court to preclude testimony about opinions offered by attorneys with whom Plaintiff is friends. Defendants argue this testimony is hearsay, is irrelevant, and any probative value would be outweighed by the danger of unfair prejudice. Plaintiff agrees opinions are generally inadmissible unless they satisfy a

hearsay exception.  But Plaintiff does not identify what opinions he intends to offer that could be excluded by this motion.  Therefore, Defendants' motion is granted.

**(16)    Speculative and Hearsay Testimony about "Reputation"**

Defendants move to bar testimony, arguments, or references to its "reputation." For example, Defendants believe Plaintiff will elicit testimony or introduce evidence about the supposition that "everyone knew" discrimination against African-Americans occurred in the District.  Defendants argue this evidence is hearsay, and is based upon rumors and conjecture.  In response, Plaintiff simply states he does not anticipate offering hearsay evidence.  Defendants' motion is granted.  Speculation and hearsay about reputation are prohibited.

**(17)    Evidence Regarding Jake Miller's Use of the "N" Word**

Defendants seek to preclude Plaintiff from introducing evidence that Jake Miller was heard using the "n" word because the evidence is irrelevant and is inadmissible hearsay.  Defendants also point out Miller was not involved in the incident that forms the basis of Plaintiff's remaining claim.  Even if the evidence is relevant, Defendants contend any probative value is outweighed by the danger of unfair prejudice.

Plaintiff opposes the motion.  He intends to offer testimony that Miller, a member of Defendants' management and a supervisor in Mosaic, used the "n" word.  Plaintiff argues this evidence tends to show Defendants' discriminatory animus.  He argues the statement is not hearsay because it is not offered to prove the truth of the matter asserted in the statement, and alternatively, it is an admission.

The Court agrees this evidence may demonstrate racial animus by Defendants, and may make the allegation that Plaintiff was discriminated against on the basis of his race more likely.  Fed. R. Evid. 401.  And based upon the information before the Court at this time, the statement, if made, could be considered an admission.  Accordingly, Defendants' motion is denied.

**(18)    Testimony about Race-Neutral Words and Terms**

Defendants ask the Court to prohibit evidence about race-neutral words and terms that allegedly had a discriminatory meaning.  Defendants anticipate Plaintiff will attempt to elicit testimony or introduce evidence that Defendants' employees allegedly used code words, such as "Canadians," when referring to African-Americans.  They argue this evidence is irrelevant because Plaintiff has not alleged such words or phrases were used with regard to him, the evidence would be inadmissible hearsay, and there is no evidence that non-party employees directed others (or were directed by Defendants) to use the alleged "code words."  Plaintiff opposes the motion stating evidence of Defendants' discriminatory animus is relevant to this case.  For the same reasons set forth in its analysis of Defendants' Motion in Limine No. 11, Defendants' motion is denied.

**(19)    Class Action and Pattern and Practice Allegations**

Defendants move to preclude evidence, arguments, and references to the class action or allegations of a pattern and practice of race discrimination.  In his Motion in Limine No. 3, Plaintiff sought to exclude references to the fact this matter was initially brought as a purported class action but he was unsuccessful in obtaining class certification.  In response to Defendants' motion, Plaintiff states he will not offer evidence of a class action, and "will not use the term pattern and practice."  Doc. #356, at 12.  Accordingly, Defendants' motion is granted.  However, the Court's ruling on this motion in limine is not intended to preclude evidence that intends to show Defendants' alleged racial animus toward African-Americans.

**(20)    Expert Testimony**

Defendants seek to exclude expert testimony.  Plaintiff states he will not be offering expert testimony.  Accordingly, Defendants' motion in limine is granted.

**(21)    Unrelated Racially Inflammatory Situations or Social Justice Organizations**

Defendants seek to prohibit arguments, evidence, or references to unrelated inflammatory or polarizing situations or organizations, such as the incidents in Ferguson

and Charlottesville, as well as Black Lives Matter or similar social justice organizations. Defendants argue introduction of these matters and organizations may potentially influence jurors' decision-making even though those incidents and organizations are not relevant to the incident at issue in this matter.

Plaintiff states he will not offer the evidence suggested by Defendants but it may be necessary to question potential jurors about unrelated racial situations and social justice organizations to determine if a potential juror is bias. Plaintiff also contends it is premature to discuss what may or may not be excluded from closing arguments.

The Court agrees with both parties. To the extent either party wants to inquire with the jury panel about the incidents or organizations described above, the party should include those inquires in his/their proposed voir dire. Evidence about and references to the above-referenced incidents and organizations will not be permitted. Finally, closing arguments should be based on the evidence admitted in this trial. Accordingly, Defendants' motion in limine is granted. If Plaintiff wants to inquire about these matters and organizations during voir dire, he should include questions about these topics in his proposed voir dire.

## (22)   Conflating the Parties and Non-Parties and Implying Conspiracies

Because Plaintiff sued a party that was granted summary judgment and will not be at trial, Defendants anticipate Plaintiff will attempt to make statements or present arguments that conflate the actions of that party or others, including unidentified individuals, with Defendants' actions. Defendants ask that Plaintiff and his counsel be prohibited from collectively referring to all Defendants or misleading the jury as to which party is on trial. Plaintiff represents he will not offer evidence expressly or implicitly claiming conspiracies. Accordingly, Defendants' motion is granted.

## (23)   Reed Cordish's Role in the Trump Administration

Defendants move to bar any reference to or evidence of Reed Cordish's prior role in the Trump Administration. Plaintiff, in his Motion in Limine No. 28, sought to exclude the same evidence. Defendants' motion is granted.

**(24)  Temporally Removed and Undefined Issues and Incidents**

Defendants believe Plaintiff may refer to or introduce evidence about temporally removed and undefined issues and incidents.  Defendants, for example, point to potential testimony by Glen Cusimano about the so-called "rabbit" scheme that occurred in 2012.  Defendants ask the Court to exclude this and other similar evidence because they lack temporal references, did not occur close in time to when Plaintiff's alleged claim arose, and are irrelevant.  Plaintiff argues this motion is too vague and ambiguous to enable a response.

Defendants' request appears to ask for a ruling that finds "me too" or other similar evidence is *per se* inadmissible, which is not permitted as set forth in the Court's analysis of Defendants' Motion in Limine No. 1.  Instead, the Court is required to conduct a fact-intensive, context-specific inquiry before ruling on the admission of such evidence.  While Defendants provide examples of what they seek to exclude, the information provided is not sufficient for the Court to conduct this analysis.  Accordingly, Defendants' motion is denied.

**(25)  Subsequent Changes in the Dress Code after 2010-2011**

Defendants move to bar evidence, argument, and reference to changes in the dress code for the District and establishments therein after the Mosaic incident in 2010 or 2011.  Defendants maintain only the dress code in place at the time of the incident alleged in this matter is relevant.  Plaintiff intends to offer various iterations of the dress code to show Defendants' allegedly ongoing discriminatory animus.

Neither party provides the Court with any information about the changes to the dress code – e.g., when it was changed, what was changed, and who was involved in the change(s).  As with many types of evidence in this matter, the facts and context must be considered before the Court can determine the relevancy and ultimately admissibility of a piece of evidence.  Due to lack of information, Defendants' motion is denied.

**(26)   References to the "Law"**

Defendants ask the Court to exclude materials purporting to be "evidence of the law," such as dress code ordinances, public access laws, 42 U.S.C. § 1981, Missouri Human Rights Act regulations, Missouri Human Rights Commission interpretations, opinion letters, and notable civil rights cases.  Defendants argue these materials should be prohibited because they are not evidence, not relevant, and are highly prejudicial. Plaintiff does not intend to offer any of the "law" referenced above, with the exception of the dress code ordinance.

Defendants' motion is granted in part and denied in part.  The dress code ordinance that was in effect at the time of the incident at issue will not be excluded. However, the other laws, regulations, opinions, and cases listed by Defendants will be excluded.

**(27)   Undisclosed Witnesses Except for Rebuttal Purposes Only**

Defendants ask the Court to preclude undisclosed witnesses, unless called for rebuttal purposes, from testifying.  Plaintiff seeks the same relief in his Motion in Limine No. 15.  Defendants' motion is granted.

**(28)   No Personal Knowledge about the Alleged Discriminatory Incident**

Pursuant to Rule 602 of the Federal Rules of Evidence, Defendants move to prohibit testimony about the alleged discriminatory incident by witnesses who have no personal knowledge of the alleged discriminatory incident.  In response, Plaintiff assures the Court he will comply with the Federal Rules of Evidence.  Accordingly, Defendants' motion is granted.

**(29)   Other Witnesses' Expected Testimony or Their Failure to Testify**

Defendants seek to exclude comment or reference by Plaintiff that Defendants did not call a witness to testify, when that witness is equally available to both parties. Defendants also ask the Court to preclude Plaintiff from speculating as to the probable testimony of any witness who did not testify.  Plaintiff agrees not to argue an adverse inference regarding the failure to call a witness.  Additionally, Plaintiff does not oppose

this motion so long as it does not apply to his opening statement wherein his counsel may comment about expected witness testimony, and his closing argument during which counsel may comment about witnesses' testimonies.

Defendants' motion is granted, and Plaintiff's request is granted. The parties shall not make comments or references to a party's failure to call a witness when the witness is equally available to both parties. The parties, their attorneys, and their witnesses shall not speculate about the probable testimony of a witness who did not testify. But counsel may comment about expected testimony during opening statement, and comment about testimonies given during trial when delivering closing argument.

**(30)   Testimony and Opinions by Counsel**

Defendants seek to preclude counsel from testifying, either through questioning, direct examination, or more directly. Defendants argue counsel should be prohibited from mischaracterizing testimony to better fit the facts of the case during questioning, or offering commentary during questioning that could be construed as presenting facts. Plaintiff states his counsel will not testify but his counsel should be allowed to argue inferences from evidence in closing arguments. Defendants' motion is granted, and Plaintiff's request is granted.

**(31)   References to Counsel**

Defendants move to preclude counsel from referencing themselves or opposing counsel – specifically, the size of counsel's law firms, the locations of their offices, and their years of practices, ages, races, genders, clothing, jewelry, or behavior. Other than being permitted to ask about counsel during voir dire, Plaintiff has no objection to this motion. Defendants' motion is granted. Additionally, either the Court or the parties will ask the jury panel about their familiarity with any of the attorneys involved in this matter.

**(32)   Testimony about Settlement Negotiations**

Pursuant to Rule 408 of the Federal Rules of Evidence, Defendants ask the Court to exclude evidence regarding settlement negotiations. Plaintiff seeks the same relief in his Motion in Limine No. 18. This motion is granted.

**(33)   Punitive Damages**

     Defendants move to exclude evidence or argument relating to Plaintiff's claims for punitive damages because Plaintiff will not be able to establish Defendants acted with evil motive or intent.  Plaintiff argues it is premature to conclude he cannot establish a submissible claim for punitive damages.

     Defendants' motion is denied.  However, the Court will not allow evidence of Defendants' financial condition and ability to pay unless and until the Court has determined Plaintiff has established a submissible claim for punitive damages.

**(34)   Tax Implications of Damages**

     Defendants move to preclude comments about or reference to any tax implications for a jury award.  Plaintiff does not oppose the motion.  Accordingly, this motion is granted.

**(35)   Insurance Coverage**

     Defendants ask the Court to exclude testimony, statements, or inferences to insurance coverage Defendants may have with respect to Plaintiff's claim.  Plaintiff does not oppose the motion.  Accordingly, this motion is granted.

**(36)   Past Rulings in the Case**

     Defendants argue the parties should not be permitted to make arguments or statements regarding the Court's prior rulings and orders.  Plaintiff does not oppose the motion.  Accordingly, this motion is granted.

**(37)   Argument in Opening Statement**

     Defendants move to preclude the parties from making arguments during opening statements.  Plaintiff does not oppose the motion.  Accordingly, this motion is granted.

**(38)   Analogies**

     Defendants ask the Court to preclude the parties from drawing analogies between the facts in this matter and other events.  Defendants suspect Plaintiff may

attempt to draw comparisons between the circumstances in this matter and high-profile incidents involving African-Americans.  Plaintiff opposes the motion, arguing analogies are an effective means in argument to aid the jury in understanding the evidence.

The Court finds Defendants' motion to be a blanket prohibition on analogies, and therefore, the request is too broad.  While analogies will not be permitted during the evidentiary portion of the trial, the parties will be permitted to use analogies in closing arguments.  Accordingly, Defendants' motion is granted in part and denied in part.

**(39)  "Golden Rule" Arguments**

Defendants ask the Court to exclude argument or testimony that the jury should place itself in Plaintiff's position, or the damages be based on a scenario whereby the jurors hypothetically sustain injuries or damages similar to that purportedly sustained by Plaintiff.  Plaintiff represents he will not make a golden rule argument.  Accordingly, this motion is granted.

**(40)  "Personalizing" Examination or Arguments**

Defendants move to prohibit counsel from personalizing arguments and examinations.  Specifically, they ask the Court to preclude counsel from asking witnesses or the jury to put themselves in Plaintiff's position.  Plaintiff argues this motion is identical to Defendants' Motion in Limine No. 39, but also agrees not to improperly personalize.  Accordingly, this motion is granted.

**(41)  Dramatic Expression of Emotions and Facial Expressions by Counsel**

Defendants ask that all attorneys be precluded from demonstrating personal emotions, including crying and overly dramatic expressions.  Plaintiff's counsel will not engage in overly dramatic expressions of emotions.  Accordingly, the motion is granted.

**(42)  Physical Demonstrations by Counsel or Witnesses Without Leave of Court**

Defendants seek to prohibit counsel or witnesses from physical demonstrations absent leave from the Court.  Plaintiff agrees to seek leave of Court before conducting a

physical demonstration.  Defendants' motion is granted, and the offering party must first obtain the Court's permission before utilizing a physical demonstration.

**(43)  Evidence that Never Existed, No Longer Exists, or Defendants Had No Obligation to Maintain**

Defendants move to prohibit references to evidence that never existed, no longer exists, or Defendants had no obligation to produce.  By way of example, Defendants state they were not obligated to maintain former Defendant First Response's records.  Plaintiff argues it will not express or imply that the remaining Defendants destroyed First Response's records, but Plaintiff argues what was recorded in that evidence and the destruction of that evidence are relevant.  To the extent Defendants' motion seeks to exclude reference to or evidence about the destruction of First Response's records, the motion is denied.  However, Plaintiff is prohibited from stating or inferring that the remaining Defendants destroyed the records.  To the extent Defendants' motion seeks to exclude other missing or destroyed evidence, the Court does not have sufficient information to issue a ruling.

**(44)  Unauthenticated or Attorney-Created Evidence**

Defendants ask the Court to preclude unauthenticated or attorney-created evidence, such as charts, summaries, or compilations, absent a showing under Rule 901 of the Federal Rules of Evidence.  Plaintiff states he may prepare charts or summaries to aid the jury's understanding as permitted by Rule 1006 of the Federal Rules of Evidence.  To the extent Defendants' motion seeks to exclude charts or summaries prepared by counsel pursuant to Rule 1006, the motion is denied.  To the extent Defendants' motion seeks to exclude other types of charts or summaries, the Court does not have sufficient to information to issue a ruling.

**(45)  Discovery Objections or Disputes**

Defendants move to exclude testimony regarding discovery objections or discovery disputes.  Plaintiff does not oppose the motion.  Accordingly, Defendants' motion is granted.

**(46)    Invoking the Rule**

Defendants seek to invoke Rule 615 of the Federal Rules of Evidence, which requires exclusion of non-party witnesses.  In response, Plaintiff invokes the rule.  The parties' requests are granted; however, the parties and their counsel must police their witnesses because the Court will be unable to identify who are witnesses and who are spectators.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: March 23, 2018                    UNITED STATES DISTRICT COURT